IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRY A. HAYES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2380-B |
| | § | |
| CHESTER CLAY JONES | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Harry A. Hayes, a citizen of Texas, against Chester

Clay Jones, a citizen of Illinois.  In his complaint and interrogatory answers, plaintiff alleges that

defendant breached a 1991 contract for the purchase of land in Lauderdale County, Tennessee.

Although plaintiff and his brother paid back taxes on the property, defendant never transferred the

deed as he agreed to do.  Plaintiff now seeks specific performance and damages in the amount of

$7.50 for each year the deed was not transferred.

The court initially questions whether venue is proper in the Northern District of Texas.  A

civil action wherein jurisdiction is founded only on diversity of citizenship must be brought in:  (1)

a judicial district where the defendant resides; (2) a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred, or a substantial part of the property that is the

subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal

jurisdiction at the time the action is commenced, if there is no district in which the action may

otherwise be brought.  *See* 28 U.S.C. § 1391(a).  Here, defendant resides in Chicago, Illinois, and

the property at issue is located in Lauderdale County, Tennessee. Although plaintiff resides in Dallas, Texas, that is not sufficient to establish venue in this district.

Rather than transfer this action to Illinois or Tennessee, the court determines that the case should be summarily dismissed on limitations grounds. Under Texas law, an action for breach of contract is governed by a four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051. Tennessee has a six-year statute of limitations for breach of contract claims. *See* TENN. CODE ANN. § 28-3-109(a)(3). In Illinois, the statute of limitations for breach of contract may be as long as 10 years. *See* 735 ILCS 5/13-206. The limitations period begins to run when the plaintiff discovers, or has reason to discover, the cause of action. *See, e.g. Houston Endowment, Inc. v. Atlantic Richfield Co.*, 972 S.W.2d 156, 159 (Tex. App. -- Houston [14th Dist.] 1998) (Texas); *Goot v. Metro. Gov't of Nashville and Davidson County*, No. M2003-02013-COA-R3-CV, 2005 WL 3031638 at *11 (Tenn. Ct. App. Nov. 9, 2005) (Tennessee); *Newell v. Newell*, 406 Ill.App.3d 1046, 942 N.E.2d 776, 780 (2011) (Illinois). Here, plaintiff states that he became aware of the breach in January 2001, when defendant refused to execute a deed transferring the property. (*See* Mag. J. Interrog. #1(f)). Yet plaintiff did not file this lawsuit until September 14, 2011 -- more than 10 years later. Consequently, plaintiff's breach of contract claim is time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993), *citing* 28 U.S.C. § 1915(d) (court may summarily dismiss complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  October 4, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE